# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**JORGE E. MALDONADO-RIOS**

    **Petitioner,**

    v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

**Civil No. 17-2309 (ADC)**
**[Related to Crim. No. 13-407 (ADC)]**

## OPINION & ORDER

Before the Court is Jorge E. Maldonado-Rios's ("petitioner") motion to vacate under 28 U.S.C. § 2255. **ECF No. 3**. For the following reasons, the petition is **DENIED WITH PREJUDICE**.

On March 11, 2014, the Court sentenced petitioner to 135 months in prison pursuant to a guilty plea to one count of knowingly possessing with intent to distribute 5 or more kilograms of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(i). *See* **Crim. Case 13-407 (JAF), ECF Nos. 40, 46**. The Court subsequently reduced the sentence in light of Amendment 782 to the United States Sentencing Guidelines. *Id.* at **ECF No. 63**.

Petitioner now seeks to vacate his sentence in light three Supreme Court decisions that issued after his March 11, 2014 sentencing, *McFadden v. United States*, 135 S.Ct. 2298 (2015); *Rosemond v. United States*, 134 S.Ct. 1240 (2014); and *Burrage v. United States*, 134 S.Ct. 881 (2014). **ECF No. 3** at 5, 7.

Petitioner's reliance on these cases is misplaced and his petition is untimely. When a petitioner asserts new Supreme Court precedent as the grounds for relief under section 2255, the petition must be filed within 1-year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. 2255(f). The Supreme Court has not extended retroactive application to any of the cited cases. *See, e.g., Walker v. United States*, 2018 WL 1027447, at *2 (D. N.J. 2018) (slip copy) (*McFadden* does not apply retroactively); *Cruz-Danzot v. Baltazar*, 2017 WL 4550986, at *1 (slip copy) (M.D. Pa. Oct. 12, 2017) (*Rosemond* and *Burrage* do not apply retroactively). Moreover, these cases are not relevant to petitioner's case. *Rosemond* is limited to violations of 18 U.S.C. § 924(c), which is not at issue here. *See Rosemond*, 134 S.Ct. at 1243. *Burrage* addresses a sentencing enhancement in cases involving "death or serious bodily injury," which is also not at issue in this case. *See United States v. Pizarro*, 772 F.3d 284, 292 (1st Cir. 2014) (interpreting *Burrage*). And, *McFadden* exclusively addresses controlled substance *analogues*, which is irrelevant to petitioner's conviction involving cocaine. *See McFadden*, 135 S.Ct. at 2302.

Accordingly, the petition at **ECF No. 3** is **DENIED WITH PREJUDICE**. The Clerk of Court is to enter judgment.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 23th day of August, 2018.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judges**